[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 4, 1999, the court heard the trial of this matter. The plaintiff, Richard Wood, d/b/a Wood's Auto Parts, sues the defendants, Joseph and Sheryl Lombardy, d/b/a Joe's Garage, a car repair business, for sums unpaid on a credit account.
The court finds the following facts. Beginning in 1990, the plaintiff sold auto parts to the defendants on credit and occasionally on a cash basis. The plaintiff billed the defendants monthly by means of a written statement reflecting the outstanding balance as of the twenty-fifth day of each month. If this balance remained unpaid for thirty days, interest was charged at a rate of one per cent per month. Every invoice contained a warning regarding the assessment of interest at one and one-half per cent per month if the account became past due, but the plaintiff only charged interest as indicated above. The court finds that the defendants agreed to this credit arrangement.
The plaintiff verified each monthly statement with the invoices which generated the charges contained in the statements. The court finds that the plaintiff's bookkeeping was accurate as to the defendants' transactions, including credits given to the defendants for returned parts and payments.
Sometime in 1992, the defendants' credit line was suspended because the defendants frequently failed to pay the monthly bills CT Page 7353 on time. The opportunity for credit was restored but cut off again in 1995. During the period when credit purchases were suspended, the plaintiff and the defendants continued to transact business on a cash basis. Despite the suspension of credit, sometimes the plaintiff would supply the defendants with items without requiring immediate cash payment with the expectation that compensation would occur within a few days. If payment was made in short order, the sale was treated as a cash transaction. If, however, payment was delayed, the plaintiff regarded the sale as a credit transaction, and the price of the item or items was debited from the defendants' credit account. The parties referred to this system as a "quote slip" arrangement.
In January 1997, the plaintiff commenced this action. Surprisingly, the parties continued their business relationship after suit and until 1998. Many of the exhibits admitted pertain to transactions occurring after the date this action began.
This action is a common law action on an account debt. Under the common law one can sue, at law, for such monetary damages as flow from a cause of action based on alleged wrongs occurring before suit is commenced but not for damages caused by wrongful conduct which occurs after the suit has commenced. McCormick, Damages (1935) § 13, p. 47. In particular, a plaintiff normally may only bring suit for past breaches of contract and would have to bring a subsequent action to collect damages arising from breaches of contract which occur after the initial suit began. Id., p. 50; Sedgwick on Damages (9th ed. 1912), § 88, p. 150. Consequently, the plaintiff is limited by his pleadings to defaults in payment on account which precede January 15, 1997, the date the defendants were served. The court finds that the outstanding balance past due as of that date was $41,329.12 as demonstrated by the billing statement for December 1996. Exhibit YY.
That figure, of course, must be reduced by any payments received from the defendants toward that account. An examination of the evidence, in particular Exhibits ZZ to YYY, disclose that $66.03 was so received.
Judgment may enter for the plaintiff against the defendants for $41,263.09 ($41,329.12 less $66.03) plus interest under G.S. § 37-3a at ten percent per year from January 15, 1997 to date amounting to $9800 for a total award of $51,063.09 plus costs. The court awards no attorney's fees because the credit CT Page 7354 arrangement between the parties fails to provide for such fees in an unambiguous manner. The invoices merely state "Reasonable legal fees" with no other language allocating responsibility for payment of these fees to the defendants.
SFERRAZZA, J.